In re SRJ ENTERPRISES, INC., d/b/a Stephen Jones Nissan of Buffalo Grove, Debtor.

NBD PARK RIDGE BANK, Plaintiff,

v.

SRJ ENTERPRISES, INC., d/b/a Stephen Jones Nissan of Buffalo Grove; and Success National Bank of Lincolnshire, f/k/a First National Bank of Lincolnshire, Defendants.

Bankruptcy No. 92 B 06101.
Adv. No. 92 A 00771.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 1, 1993.

See also 150 B.R. 933, 151 B.R. 189.

Edward J. Lesniak, Burke, Warren & MacKay, P.C., Chicago, IL, for NBD Park Ridge Bank.

Keevan D. Morgan, Durkin, Morgan, Roberts Barnett & Bley, Chicago, IL, for Success Nat. Bank of Lincolnshire f/k/a First Nat. Bank of Lincolnshire.

Mark S. Lieberman, Rosenthal & Schanfield, P.C., Chicago, IL, for debtor.

Katy Gleason, Dept. of Justice, Chicago, IL, for U.S. Trustee.

## MEMORANDUM OPINION

RONALD S. BARLIANT, Bankruptcy Judge.

The Debtor, SRJ Enterprises, Inc., sold all of its automobile dealership assets free and clear of all liens, with any valid liens attaching to the sale proceeds. Part of the sale proceeds included $177,569.88 for "parts". Success National Bank of Lincolnshire filed a motion for partial summary judgment to declare its security interest in the parts proceeds superior to all other liens. For the reasons stated below, this Court has denied Success' motion.

## I. UNCONTESTED FACTS

The relevant facts of this dispute are simple. The Debtor financed the operation of its dealership with the proceeds of loans from NBD Park Ridge Bank and Success. Both NBD and Success perfected security interests in the Debtor's assets. NBD filed first. NBD's security agreement provides:

(a) "Inventory" means new and used motor vehicles now owned or hereafter acquired by Dealer which are held for sale or lease, ..., together with all of the proceeds thereof, including, but not limited to, cash or its equivalent, accounts receivable, factory receivables and contract rights.

\*  \*  \*  \*  \*  \*

(c) "Collateral" means all Inventory, property described in paragraph 5(e) of this Agreement, and other property from time to time subject to the security interest herein provided for, including but not limited to all proceeds of every kind of any such Inventory and property.

\*  \*  \*  \*  \*  \*

5(e) Dealer grants to Bank a security interest in, and agrees and acknowledges that Bank shall continue to have a security interest in, all of the furniture, fixtures, equipment, tools, machinery, accessories, appliances, accounts receivable (including, but not limited to, factory receivables), contract rights and any other personal property of Dealer now owned or hereafter acquired, and in all of the proceeds thereof.

Success' security agreement, similar to NBD's, provides:

2.01 *Collateral* shall mean (a) all Accounts, Accounts Receivable, and Contract Rights of Debtors, whether now or hereafter existing or acquired; ...; (c) all furniture, fixtures (trade or otherwise), goods, parts, accessories, equipment (excluding motor vehicles), machinery, Inventory, raw materials and work in progress or finished goods of Debtors, whether now or hereafter existing or acquired, ...; (d) all general intangibles; and (e) all proceeds and products of the foregoing.

\*  \*  \*  \*  \*  \*

2.03 *Inventory* shall mean all goods held by Debtors, or either of them, for sale or lease, or furnished by Debtors, ..., but excluding interests in motor vehicles.

## II. ANALYSIS

Success clearly has a lien on "parts"; but, NBD filed first. The issue then is whether NBD's lien covers "parts" even though the word "parts" is not used. The parties make much of the esoteric Article 9 question of whether a collateral description of "all personal property" is too broad to satisfy §§ 9–110, 9–203 and 9–402[1]. *See generally* J. White and R. Summers, *Uni-*

---

1. Notwithstanding Success' protestations to the    contrary, NBD's collateral description is not "all

*form Commercial Code,* § 24-4 (3rd Ed. 1988). But this is not a situation where the gray areas and nuances of the Commercial Code need be examined. Section 9-110 provides: "[f]or the purposes of this Article *any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described.*" 810 ILCS 5/9-110 (1992) (emphasis added). If NBD's *entire* description of collateral reasonably identifies "parts", no further inquiry is required.

Section 9-203 requires that an enforceable security agreement contain a "description" of the collateral, as defined by § 9-110. *See* 810 ILCS 5/9-110, 5/9-203 (1992). The description of collateral in NBD's security agreement is not ambiguous[2]. NBD, the Debtor's floor-planning financier, took a blanket security interest in the Debtor's personal property—the language covers several specific types of collateral and contains a catch-all for any other type of personal property. The Commercial Code requires reasonable identification, not exactitude. Therefore, in this case, the listing of several specific types of automobile dealership property (including "accessories"), coupled with a protective clause for any other kind of personal property not listed, reasonably identifies "parts". *See generally Midkiff Implement Co. v. Worrall,* 116 Ill.App.3d 546, 71 Ill.Dec. 655, 451 N.E.2d 623 (Ill.App. 4 Dist. 1983). *Ejusdem generis,* the venerable canon of contract construction, buttresses this conclusion.

The financing statement also must contain a reasonable identification of collateral. 810 ILCS 5/9-110, 5/9-402 (1992). The function of a financing statement, however, is "only to provide enough notice so that other creditors will make further inquiry to determine the nature and extent of security interests in the debtor's collateral." *Chrysler Credit Corp. v. Knebel Chevrolet-Buick,* 976 F.2d 1012, 1014 (7th Cir. 1992), *quoting Citizens Nat'l Bank v. Wedel,* 489 N.E.2d 1203, 1208 (Ind.App. 1986). NBD's financing statement tracks the language of paragraph 5(e) of its security agreement. No reasonable creditor could read the *entire* description of NBD's collateral and definitively conclude that the Debtor's parts were unencumbered. At the least, a prudent lender seeking a prior lien on parts would ask NBD and seek a release or subordination agreement from NBD.

For the foregoing reasons, this Court has denied Success' motion for partial summary judgment.

---

personal property". Rather, it covers "all *other* personal property", a clause that must be read together with the remainder of the collateral description.

2. Success' attempt to create a question of "intent" also must fail. Success claims that: (1) the NBD security agreement expressly adopted all Commercial Code definitions, (2) the Commercial Code definition of "inventory", if unaltered, could include "parts" and (3) NBD's definition of "Inventory" purposely varies from the Commercial Code definition and does not encompass "parts". In addition to the fact that Success' security agreement also classified "parts" separate from "inventory", the first essential premise to Success' argument is incorrect. NBD's security agreement specifically defines "Inventory" and then provides that "[a]ll *other* terms" shall have Commercial Code meanings. This is the second example of Success reading the word "other" out of NBD's security agreement. *See note 1, above.*